AO 106 (Rev. 04/10) Application for a Search Warrant

AUTHORIZED AND APPROVED/DATE: s/Mary Walters 11/19/26

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

FILED

10:26 am, Nov 20, 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
By: LDC, Deputy Clerk

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

a dark blue iPhone in a pink case located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, OK 73134

Case No. MJ-26- 551 - STE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
| --- | --- |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |
| 21 U.S.C. § 841(a)(1) | Possession of Controlled Substances with Intent to Distribute |

The application is based on these facts:

See attached Affidavit of Itzel Torres, Special Agent, Federal Bureau of Investigation.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

ITZEL TORRES, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: November 20, 2026

[signature: Shon T. Erwin]
*Judge's signature*

City and state: Lawton, Oklahoma

SHON T. ERWIN, United States Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **In the Matter of the Search of a dark blue iPhone in a pink case located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, OK 73134** | **Case No. M-26-** 551 **-STE** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Itzel Torres, Special Agent with the Federal Bureau of Investigation, having been duly sworn, depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—specifically, an electronic device identified below and in **Attachment A**—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in **Attachment B,** which constitutes evidence of violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g).

2. I am a federal law enforcement officer as defined under Federal Rule of Criminal Procedure 41(a)(2)(C) and am authorized to request this search warrant because I am a government agent who is engaged in enforcing federal criminal laws and I am within the category of officers authorized by the Attorney General to request such a warrant.

3. I am a Special Agent with the Federal Bureau of Investigation (FBI), currently assigned to the Oklahoma City Field Office, and have been so employed since

October 2024. As such, I am an investigative and law enforcement officer of the United States authorized to conduct investigations of, and to make arrests and seizures for, offenses enumerated in Title 18 and Title 21 of the United States Code.

4. As part of my duties as a Special Agent, I investigate criminal violations relating to the illegal possession of firearms and trafficking in illegal narcotics. As a result of my training and experience, as well as information provided by other federal agents with applicable knowledge, I am familiar with the tactics, behaviors, methods, and techniques of those who illegally possess firearms and sell drugs. In light of my training and experience, I know the following:

a. I am aware that people who possess firearms—including those who possess them illegally—often use electronic devices, including computers, tablets, cell phones, and other electronic storage devices, to communicate and coordinate the acquisition and/or sale of firearms and execute electronic transactions which can, in turn, create automatic records and documentation of the unlawful firearm transactions;

b. I am aware that individuals who illegally possess firearms or possess possible stolen firearms often take photographs, videos and/or use other forms of electronic documentation in furtherance of the possession or sale of such items;

c. I am aware that illegal possessors of firearms, particularly those individuals associated with a gang, use electronic devices to communicate

their possession of firearms with others, for example by sending messages, photographs, or videos via messaging and social media;

d. I am aware that drug couriers, and people associated with drug trafficking organizations (DTOs), often use electronic devices, including computers, tablets, cellular phones, and other electronic storage devices, to communicate and coordinate drug transactions, which can, in turn, produce electronic records of those transactions;

e. I am aware that that it is particularly common for individuals engaged in the sale and distribution of illegal drugs to use electronic devices to track and document financial transactions;

f. I am aware that individuals engaged in drug trafficking will often maintain more than one cell phone or electronic device, and that they will frequently keep contact information and other evidence of their financial dealings with DTOs on cellular phones, computers, tablets, and other storage devices and that they often keep such electronic devices on or near their person; and

g. I am aware that drug traffickers use their cellular phones and other electronic devices to execute financial transactions through banks, financial institutions, and peer-to-peer mobile payment platforms in furtherance of their drug trafficking.

5. I am submitting this Affidavit in support of a search warrant authorizing a search of a **dark blue iPhone in a pink case (Subject Device)** which is located at the FBI

Oklahoma City Field Office, 3301 W. Memorial Road, Oklahoma City, OK 73134, as further described in **Attachment A,** which is incorporated into this Affidavit by reference. Further, I am submitting this Affidavit in support of a search warrant which would authorize the forensic examination of the **Subject Device** for the purpose of identifying electronically stored data that is particularly described in **Attachment B,** which constitutes evidence of a violations of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1). The requested warrant would also authorize the seizure of the items and information specified in **Attachment B.**

6. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## FACTS SUPPORTING PROBABLE CAUSE

## AUTHORIZATION REQUEST

7. On November 23, 2020, Laurent Cortez Young, Jr. (YOUNG), was sentenced to 14 months in BOP custody following a plea of guilty to a violation of 18 U.S.C. § 922(g)(3) (drug user in possession of a firearm) in the United States District Court of the Western District of Oklahoma, Case No. 20-CR-33-R.

8. On January 20, 2026, YOUNG was arrested by the Oklahoma City Police

Department (OCPD) for trafficking in illegal drugs. YOUNG had glass vials of PCP or phencyclidine with a total package weight of 59.66 grams—an amount that I know, based on my training and experience, is consistent with distribution. Additionally, YOUNG had marijuana with a total package weight of 2.14 grams in packaging that appeared to be plastic from a grocery store sack. The marijuana was not in medical marijuana packaging.

9. On May 23, 2026, YOUNG was arrested by the University of Oklahoma Police Department after a traffic stop for driving without a license. At the stop, law enforcement smelled marijuana. YOUNG stated he had marijuana in the vehicle and did not have a medical marijuana card. Two small bags of marijuana were located in the vehicle with a total package weight of 43.27 grams. YOUNG was then transported to Cleveland County Jail, where he attempted to stash a small clear wrap, containing a cloudy crystal rock, underneath an x-ray machine. The substance field tested positive for crack cocaine. The total package weight for the substance was 5.55 grams. He was then charged with bringing contraband into jail/penal institution and possession of a controlled substance.

10. On August 22, 2026, officers with OCPD's Violent Crime Apprehension Team (VCAT) were patrolling the area of the OKC Event Center located at 2501 NE 23rd Street, Oklahoma City, OK 73111. Law enforcement observed a gray Chevrolet Tahoe with Muskogee Nation tag JHJ19 backed in on the west side of the building. A male, who was later identified as YOUNG, was observed in the back middle passenger seat of the vehicle and appeared to be asleep. When officers approached the vehicle to check on

YOUNG, they observed YOUNG wake up and start to roll a marijuana blunt. When asked if he had a medical marijuana card, YOUNG stated he did not have one.

11. As law enforcement made contact with YOUNG, officers observed another male, later identified as a 15-year-old juvenile, who also appeared to be asleep in the back middle passenger seat on the driver side of the vehicle. As the juvenile was being detained, officers located a Canik TP9sf pistol under his left armpit. The juvenile has three felony adjudications including one for possession of a firearm after adjudication on April 25, 2025. The juvenile had a tattoo of an "H" in the middle of a larger star, a common tattoo for the 107 Hoover Crip street gang, which is a subset of the Crips that is local to Oklahoma City, Oklahoma.

12. Law enforcement then ordered YOUNG to exit the vehicle. YOUNG was not following simple instructions and made furtive movements towards the center of the backseat as law enforcement opened his door. As he was being placed in a pat-frisk position, YOUNG, who was overly sweaty, pulled out of the officer's grip and ran, initiating a foot pursuit. The officer pursued YOUNG but eventually lost sight of him. YOUNG was later located by the OCPD helicopter bedded down in bushes not far from where he was last seen. YOUNG was then taken into custody.

13. Officers then executed a search of the Tahoe based, in part, on the presence of marijuana. Officers located a Sig Sauer P320, bearing serial number 58J565850 on the back passenger side floorboard, just under the front passenger side seat. The firearm was magazine and chamber loaded. The underside of the front passenger side seat was packed with trash and miscellaneous items, which would have prevented the firearm from sliding

back to where it was located. Based on where the firearm was located and how it was positioned, law enforcement believed it was placed there by YOUNG. Law enforcement also recovered the **Subject Device** from the back passenger side of the vehicle, close to where YOUNG had been sitting. Based on my training and experience, based on where the **Subject Device** was located, I believe that it belongs to YOUNG.

14. Oklahoma City Police Department records reflect that YOUNG is a member of the Playboy Gangster Crips, a subset of the Crips that is local to Oklahoma City, Oklahoma.

15. On September 16, 2026, an official examination of the firearm to determine interstate nexus was conducted by Special Agent David McCauley, an ATF Firearms Interstate Nexus Examiner. Special Agent McCauley determined that the above-mentioned firearm recovered from the area where YOUNG was seated is not manufactured in the state of Oklahoma, and therefore crossed state lines to reach the state of Oklahoma, thereby affecting interstate commerce.

16. In sum, since January 2026, YOUNG has twice been arrested with potential distribution quantities of controlled substances. He has also been arrested for possession of yet another firearm, following his earlier federal firearms conviction. I know, based on my training and experience, that individuals involved in drug trafficking and firearms possession can keep evidence of those crimes on their phones for significant periods of time. Therefore, based on the foregoing, I submit that there is probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1) are located on the **Subject Device**. Therefore, I respectfully request

that this Court issue a search warrant for the **Subject Device**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

17. Consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Device** consistent with the warrant. The examination may require law enforcement to employ techniques including, but not limited to, computer-assisted scans of the entire medium, which might expose many parts of the **Subject Device** to human inspection in order to determine whether it is evidence described by the warrant.

18. Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Itzel Torres
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on this 20th day of November 2026.

SHON T. ERWIN
United States Magistrate Judge

# ATTACHMENT A

The property to be searched is a dark blue iPhone in a pink case (herein after **Subject Device**). The **Subject Device** is currently located at the Federal Bureau of Investigation Oklahoma City, 3301 W. Memorial Road, Oklahoma City, Oklahoma. A photo of the **Subject Device** is below:





# ATTACHMENT B

All records on the **Subject Device** described in **Attachment A** related to violations of 21 U.S.C. § 841(a)(1) (possession of controlled substances with intent to distribute and distribution of controlled substances) and 18 U.S.C § 922 (g)(1) (felon in possession of a firearm) during the period from January 2026 through August 2026 involving Laurent Cortez Young, Jr., including:

a. Electronically stored information, including the phone directory and/or contact list, calendar, text messages, multi-media messages, email messages, call logs, photographs, and videos, that either establish ownership of the **Subject Device** or otherwise relate to violations of 21 U.S.C. § 841(a)(1) or 18 U.S.C. § 922(g)(1) by Laurent Cortez Young, Jr.;

b. Any photographs of drugs, drug proceeds, guns, wire remitters receipts, or other documents or evidence relating to drug trafficking activity or firearms possession by Laurent Cortez Young, Jr.;

c. Any bank records, checks, credit card bills, account information, and other financial records, including financial records within applications such as CashApp, that may be used to establish the flow of potential drug proceeds; and

d. Evidence of user attribution showing who used or owned the **Subject Device** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history, as well as records of Internet Protocol

addresses used and records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.